UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL EUGENE WILKS, JR.,

    Plaintiff,

v.                                               Case No. 8:25-cv-2387-WFJ-NHA

DEUPTY WATTS, CORPORAL
HIMMEL, and HILLSBOROUGH
COUNTY SHERIFF'S DEPARTMENT,

    Defendants.
_____/

## ORDER

Plaintiff Michael Eugene Wilks, Jr., proceeding without an attorney, filed this action without paying the filing fee. Dkt. 1. Plaintiff simultaneously filed a motion to proceed *in forma pauperis*. Dkt. 2.

On September 9, 2025, this Court denied the motion without prejudice and gave Plaintiff until September 25, 2025, to file the completed proper form to proceed without prepayment of fees and costs. Dkt. 3. That same day, Plaintiff was ordered to file an amended complaint with careful instructions to follow the federal rules of procedure and to use a form for § 1983 claims. Dkt. 4. The order provided that if an amended complaint was not filed consistent with the order by September 25, 2025, the case would be subject to dismissal. *Id.*

A district court may dismiss a case under Rule 41(b), for failure to prosecute or comply with court orders or federal rules, and a court may dismiss a case,

pursuant to its inherent authority, to "protect the orderly administration of justice and to preserve the dignity of the tribunal." *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1209 (11th Cir. 1985) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–65 (1980)); *see also Johnson v. DuBose*, 806 F. App'x 927, 928 (11th Cir. 2020) ("A district court may *sua sponte* dismiss a case under the authority of either Rule 41(b) or the court's inherent power to manage its docket."). "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).  This is especially true when the dismissal is without prejudice, such that the plaintiff can re-file.  *See, e.g.*, *Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice under Rule 41(b) for failure to file a court-ordered brief was not an abuse of discretion).

Twenty days have passed since the due date for the filings.  Plaintiff failed to comply with the Court's orders (Dkts. 3, 4) and failed to prosecute this case.  Accordingly, this case is dismissed without prejudice.  The Clerk is directed to close the case.

**DONE AND ORDERED** at Tampa, Florida, on October 15, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

<u>**COPIES FURNISHED TO:**</u>  Plaintiff, *pro se*

2